UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

J.S., individually and on behalf of B.B., a child with a disability,

          *Plaintiff*,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

          *Defendant.*

COMPLAINT

Case No.

---

J.S., individually and on behalf of B.B., a child with a disability, by and through her attorneys, CUDDY LAW FIRM, PLLC, for the complaint hereby alleges:

1. This is an action pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3).

2. Plaintiff J.S. and B.B. reside in the County of Bronx, State of New York.

3. B.B. is a child with a disability as defined by IDEA, 20 U.S.C. § 1401 (3)(A).

4. J.S. is the parent of B.B. as defined by IDEA 20 U.S.C. § 1401(23).

5. Defendant New York City Department of Education is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

6. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with

original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. § 1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

7. Venue is predicated upon 28 U.S.C. § 1391(b)(1) based upon the residence of the Defendant at the Defendant's principal office located at 52 Chambers Street, New York, NY 10007, and upon 28 U.S.C. § 1391(b)(2) based upon the location of the subject matter of this action.

## FACTUAL BACKGROUND

8. B.B. was born in 2008.

9. B.B. was classified as a student with an intellectual disability by Defendant's committee on special education.

10. By due process complaint ("DPC") to the Defendant dated October 22, 2020, Plaintiff demanded a due process hearing pursuant to 20 U.S.C. § 1415(f)(1).

11. The matter was assigned case number 203160.

12. Plaintiff's DPC demanded, *inter alia,* a finding that Defendant did not provide B.B. with a free appropriate public education (FAPE) pursuant to IDEA, during the 2018/19, 2019/20 and 2020/21 school years.

13. As relief, Plaintiff's DPC demanded:

   a. An order granting an independent neuropsychological evaluation at Defendant's expense to be performed by a licensed psychologist at the normal and customary rate of $5,000.00;

   b. An order requiring Defendant to perform the following evaluations:

      1. Social history assessment

      2. Classroom observation

      3. Functional behavior assessment ("FBA") to be performed by a board-certified behavioral analyst ("BCBA")

      4. Speech-language evaluation

      5. Occupational therapy evaluation

  c. An order requiring Defendant to reconvene the committee on special education ("CSE") within ten (10) business of receipt of the ordered evaluations to develop an individualized education program ("IEP") with appropriate recommendations for B.B.

  d. The Impartial Hearing Officer order Defendant to provide compensatory educational services to B.B. at an enhanced rate in order to remedy Defendant's failure to provide B.B. with an appropriate educational program during the 2018/19, 2019/20 and 2020/21 school years;

14. The Defendant appointed Jennifer M. Young as impartial hearing officer ("IHO") on January 26, 2021.

15. Defendant failed to hold a mandated resolution session.

16. On June 24, 2020, the parities convened for a status conference.

17. At the June 24, 2020 status conference, the parties informed the IHO that settlement of the claims within Plaintiff's DPC would not be resolved through settlement and a hearing date was set for March 2, 2021.

18. An impartial due process hearing was held for J.S. and B.B. on March 2, 2021, however, Defendant failed to appear, and the impartial hearing was rescheduled for March 16, 2021.

19. At the March 16, 2021 impartial hearing, Plaintiff submitted documentary evidence into

the record, and presented one witness in support of the relief sought in her DPC.

20. At the March 16, 2021 impartial hearing, Defendant presented no documentary evidence, nor witness testimony.

23. On April 1, 2021, IHO Young issued a Findings of Fact and Decision in favor of Plaintiff, finding a denial of FAPE for the 2018/19 and 2019/20 and 2020/21 school years, as well as ordering relief for B.B., including:

 a. An independent neuropsychological evaluation performed by Dr. Jeanne Dietrich, Ph.D. at a rate of $5,500;s

 b. A classroom observation;

 c. A psycho-social evaluation;

 d. A speech and language evaluation;

 e. An occupational therapy evaluation;

 f. Defendant shall set up a bank of 800 hours of compensatory services;

 g. Defendant shall reconvene the committee on special education ten (10) days of the receipt of the ordered evaluations are complete to make an appropriate recommendation.

21. On October 29, 2021, Plaintiff issued a demand to Defendant for fees, costs and expenses for impartial hearing number 203160.

22. On November 9, 2021, Defendant assigned attorney Jeffery Cassuto to Plaintiff's demand.

23. Since assigning Mr. Cassuto, Defendant has failed to respond to Plaintiff's demand, and as of the date of this complaint, Defendant has failed to settle the attorney's fees incurred in this matter.

## FIRST CAUSE OF ACTION

24. Plaintiff repeats and realleges paragraphs 1 through 25 as if more fully set forth herein.

25. Plaintiff J.S. initiated an impartial hearing on behalf of B.B. under case number 203160.

26. Plaintiff J.S. prevailed at the impartial hearing by obtaining a decision and order from IHO Young ordering the relief sought by Plaintiff J.S. in her DPC.

27. Plaintiff J.S. having prevailed in the underlying proceedings hereby seeks reasonable attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

WHEREFORE, Plaintiff respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Award Plaintiff costs, expenses and attorneys' fees for the administrative proceeding pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon;

(3) Award to the Plaintiff the costs, expenses and attorneys' fees of this action pursuant to 20 U.S.C. § 1415, together with both prejudgment and postjudgment interest thereupon; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: Auburn, New York
December 30, 2021

Yours etc.,

s/ Britton H. Bouchard
CUDDY LAW FIRM, PLLC
Britton H. Bouchard, Esq.
*Attorneys for Plaintiff*
5693 South Street Road
Auburn, New York 13021
(315) 370-4020
bbouchard@cuddylawfirm.com